UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERKSHIRE BANK,

      Plaintiff,

v.

RED SKYS LLC, DENNIS J. BELL,
LISA A. BELL, DAVID M. DOAK,
JACQUELINE S. DOAK, and
CITIZENS BANK, NA,

      Defendants.

_____/

Case No.  2:24-cv-10465
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO CITIZENS BANK, NA (ECF No. 35)

### I.       Introduction

This is a commercial dispute.  Plaintiff Berkshire Bank (Berkshire) filed a complaint against defendants Red Skys LLC (Red Skys), Dennis J. Bell, Lisa A. Bell (the Bells), David M. Doak, Jacquline S. Doak (the Doaks), and Citizens Bank NA (Citizens)[1] for breach of note and guaranty, replevin and foreclosure, related to Red Skys' alleged failure to repay its loan obligations.  Under 28 U.S.C. §

---

[1] Berkshire also sued Wells Fargo Bank, N.A. (Wells Fargo) and Comerica Bank, N.A. (Comerica), but later stipulated to the entry of consent judgments with them; *see* ECF No. 28 (Wells Fargo) and ECF No. 44 (Comerica).

636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF Nos. 37, 43).

Before the Court is Berkshire's motion for default judgment as to Citizens. (ECF No. 35).[2]  For the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED.

## II.    Background

Berkshire filed the complaint on February 23, 2024.  (ECF No. 1.)  The Summons and Complaint were served upon Citizens by personal service on March 8, 2024, with an answer due on April 1, 2024.  (ECF No. 4.).  On July 9, 2024, the Berkshire requested a Clerk's entry of default, (ECF No. 31), which was granted on July 10, 2024, (ECF No. 34).  On July 29, 2024, Berkshire filed the instant motion.  (ECF No. 35).  To date, Citizens has not filed an appearance or responded to the complaint.

As further background, on October 19, 2021, Berkshire loaned Red Skys $620,000.00 for a small business loan which was secured by a Note.  Also on that date, as security for the Note, the Doaks signed guarantees and granted Berkshire a

---

[2] Also before the Court is Berkshire's motion for default judgment as to the Doaks. (ECF No. 36).  However, the Doaks have filed a suggestion of bankruptcy, (ECF No. 46), and the case has been administratively stayed as to them, (ECF No. 47). Until the stay is lifted, this motion remains pending.  Additionally, the undersigned has been informed by counsel for Berkshire and the Bells that settlement discussions are underway which may resolve Berkshire's claims against the Bells.

mortgage on real property located at 53221 Spurry Lane, New Baltimore, Michigan 40851 (the Spurry Property). Wells Fargo has a prior mortgage on the Spurry Property dated May 28, 2013 and Citizens has a prior mortgage on the Spurry Property, dated June 8, 2018.

Separately, the Bells both signed guarantees and granted Berkshire a mortgage on real property located at 21101 E. Eleven Mile Road, Saint Clair Shores, Michigan (the Eleven Mile Property). Comerica has a prior mortgage on the Eleven Mile Property, dated June 30, 2016.

Red Skys allegedly defaulted on the Note by failing to timely make the required installment payment on September 1, 2023, and all months subsequent. As of January 18, 2023, Berkshire says that Red Skys has failed to repay $546,579.01 in outstanding principal payments, and $15,542.98 in accrued and unpaid interest, plus late fees and costs of at least $1,251.69. These outstanding obligations remain due and payable and interest, fees, and costs continue to accrue. The per diem interest after January 18, 2024 is $167.01.

### III.   Discussion

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. P. 4(c)(1). The defendant then has 21 days from the date of service to file its answer. Fed. R. Civ. P. 12(a)(1)(A)(1). Under Rule 55(a), "[w]hen a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

As a general rule, "[o]nce a default has been entered by the Clerk's Office, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *Allstate Indem. Co. v. Marcy*, No. 22-cv-12363, 2023 U.S. Dist. LEXIS 163423, *3, 2023 WL 5985497 (E.D. Mich. Sept. 14, 2024) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)). Once a defendant is defaulted, the "well-pleaded allegations of a complaint relating to liability are taken as true." *Trice v. Lake & Country Real Estate*, 831 F.2d 1064, 1987 WL 38852, at *2 (6th Cir. 1987) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

With respect to Citizens, as pled in the complaint and admitted by Citizens due to its default, it has a mortgage lien on the Spurry Property. Citizens' mortgage lien was recorded prior to Berkshire's mortgage. By failing to respond to the complaint, Citizens has forfeited its right to contest Berkshire's right to foreclose on the Spurry Property. However, even with a judgment against it, Citizens' lien will remain and have priority. *See Advanta Nat'l Bank v. McClarty*, 257 Mich. App. 113, 124, 667 N.W.2d 880 (2003) ("It is well established that a

4

purchaser at a foreclosure sale of a second mortgage takes the property subject to the first mortgage ....") (internal citations omitted). Indeed, the consent judgments Berkshire entered into with Wells Fargo and Comerica, *see* n. 1. *supra*, provide that Wells Fargo and Comerica have priority in any foreclosure proceedings because of their prior recorded valid mortgages.

Courts of this district, to avoid inconsistent judgments in multi-defendant actions, have postponed entering default judgments until the liability of the answering defendants is adjudicated. *See Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908-09 (E.D. Mich. 2005); *Garcia v. Beaumont Health*, No. 19-11673, 2020 WL 5249205, at *1 (E.D. Mich. Sept. 3, 2020). "When multiple defendants are jointly liable or have similar defenses, courts apply the same legal rulings to the defaulting defendants as to the answering defendants." *Garcia*, 2020 WL 5249205 at *1. However, in this case, Berkshire is not seeking a sum certain from Citizens; rather, it is only seeking a judgment, along the lines of the consent judgments it entered with Wells Fargo on the Spurry Property and Comerica on the Eleven Mile Property, which will permit it to foreclose with the proceeds being paid in the order of priority of the mortgages.

Accordingly, it is recommended that Berkshire's motion for default judgment be GRANTED and Berkshire be permitted to foreclose on the Spurry

Property in the manner consistent with the consent judgments entered as to Wells Fargo and Comerica.

## IV.    Conclusion

For the reasons stated above, it is RECOMMENDED that Berkshire's motion for default judgment be GRANTED and a judgment enter against Citizens in the form attached as Exhibit A.

Dated: December 6, 2024                         s/Kimberly G. Altman
Detroit, Michigan                               KIMBERLY G. ALTMAN
                                                United States Magistrate Judge


### <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 6, 2024.

s/Julie Owens_____
JULIE OWENS
Case Manager