UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERKSHIRE BANK,

      Plaintiff,

v.

RED SKYS LLC, DENNIS J. BELL,
LISA A. BELL, DAVID M. DOAK,
JACQUELINE S. DOAK, and
CITIZENS BANK, NA,

      Defendants.

_____/

Case No.  2:24-cv-10465
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DAVID AND JACQUELINE DOAK (ECF No. 36)

### I.    Introduction

This is a commercial dispute.  Plaintiff Berkshire Bank (Berkshire) filed a complaint against defendants Red Skys LLC (Red Skys), Dennis J. Bell, Lisa A. Bell (the Bells), David M. Doak, Jacquline S. Doak (the Doaks), and Citizens Bank NA (Citizens)[1] for breach of note and guaranty, replevin and foreclosure, related to

---

[1] Berkshire also sued Wells Fargo Bank, N.A. (Wells Fargo) and Comerica Bank, N.A. (Comerica), but later stipulated to the entry of consent judgments with them; *see* ECF No. 28 (Wells Fargo) and ECF No. 44 (Comerica).  Additionally, Berkshire moved for entry of a default judgment against Citizens (ECF No. 35), which the undersigned recommended be granted (ECF No. 49).  The district judge adopted the recommendation (ECF No. 49) and entered a default judgment against

Red Skys' alleged failure to repay its loan obligations. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF Nos. 37, 43).

Before the Court is Berkshire's motion for default judgment as to the Doaks. (ECF No. 36). For the reasons that follow, the undersigned RECOMMENDS that the motion be DENIED WITHOUT PREJUDICE.

## II. Background

Berkshire filed the complaint on February 23, 2024. (ECF No. 1.) The Summons and Complaint were served on the Doaks by personal service on March 8, 2024, with an answers due on April 1, 2024. (ECF Nos. 6, 7). On July 9, 2024, Berkshire requested Clerk's entries of default against the Doaks, (ECF Nos. 29, 30), which were granted on July 10, 2024, (ECF Nos. 32, 33). On July 29, 2024, Berkshire filed the instant motion. (ECF No. 36). To date, the Doaks have not filed an appearance or responded to the complaint. However, on August 16, 2024, the Doaks filed a suggestion of bankruptcy (ECF No. 46), and on August 21, 2024, the Court entered an Order finding that the pending bankruptcy administratively stayed the proceedings as to the Doaks (ECF No. 47).

## III. Discussion

---

Citizens (ECF No. 50). Counsel for Berkshire and the Bells have informed the Court that they are in settlement discussions.

Due to the Doaks' bankruptcy filing, the Court does not have the authority to rule affirmatively on Berkshire's motion for default judgment.  *See* 11 U.S.C. § 362(a)(1) (providing for automatic stay of judicial proceedings against a defendant that has filed bankruptcy petition).  Indeed, the Court stayed proceedings against the Doaks because of the automatic stay.  Courts faced with similar circumstances have denied pending motions without prejudice.  *See Bays v. Summitt Trucking, LLC*, No. CIV.A. 07-571-C, 2009 WL 1421017, at *1 (W.D. Ky. May 20, 2009) (denying without prejudice motions filed prior to a notice of bankruptcy, citing cases).  *See also Walker v. RDR Real Est.*, 640 F. App'x 411, 415 (6th Cir. 2016) (finding that the district court's decision to set a deadline for plaintiffs to refile motions for post-trial relief to be in violation of bankruptcy stay, but taking no issue with the district court's denial of pending post-trial motions without prejudice during the stay).  The same course of action is appropriate here.

## IV.    Conclusion

Accordingly, for the reasons stated above, it is RECOMMENDED that Berkshire's motion for default judgment against the Doaks be DENIED WITHOUT PREJUDICE.

Dated: January 13, 2025                    s/Kimberly G. Altman
Detroit, Michigan                              KIMBERLY G. ALTMAN
                                                       United States Magistrate Judge

## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2025.

<u>s/Dru Jennings</u>
DRU JENNINGS
Case Manager