UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERKSHIRE BANK,

    Plaintiff,

v.

RED SKYS LLC, DENNIS J. BELL,
LISA A. BELL, DAVID M. DOAK,
and JACQUELINE S. DOAK,

    Defendants.
_____/

Case No.  2:24-cv-10465
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OF FORECLOSURE AS TO DAVID M. DOAK AND JACQUELINE S. DOAK (ECF No. 64)

                I.       Introduction

This is a commercial dispute.  Plaintiff Berkshire Bank (Berkshire) filed a complaint against defendants Red Skys LLC (Red Skys), Dennis J. Bell and Lisa A. Bell (the Bells), David M. Doak and Jacquline S. Doak (the Doaks), and Citizens Bank NA (Citizens)[1] for breach of note and guaranty, replevin and foreclosure related to Red Skys' alleged failure to repay its loan obligations.

---

[1] Berkshire also sued Wells Fargo Bank, N.A. (Wells Fargo) and Comerica Bank, N.A. (Comerica), but later stipulated to the entry of consent judgments with them. *See* ECF Nos. 28 (Wells Fargo), 44 (Comerica).  Additionally, Berkshire moved for entry of a default judgment against Citizens (ECF No. 35), which the

1

Before the Court is Berkshire's motion for default judgment as to the Doaks in which it seeks a default judgment of foreclosure. (ECF No. 64). The motion has been referred to the undersigned. (ECF No. 65). As will be explained, the Doaks are already subject to a monetary default judgment. For the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED.

## II. Background

### A. Facts

According to the complaint, Berkshire entered into a Note with Red Skys under which Berkshire provided a $620,000.00 SBA loan to Red Skys. (ECF No. 1, PageID.3; ECF No. 53-2). Red Skys defaulted by failing to comply with Section 4 of the Note, which required it to make timely installment payments on September 1, 2023, and all months subsequent. (ECF No. 1, PageID.7). Together with the Note, the Doaks each executed separate Unconditional Guaranties in which they guaranteed due and punctual payment and performance of the Obligations, all other monies due under the Note, and all costs, expenses and liabilities incurred by Berkshire with respect to the Note. (*Id.*, PageID.5; ECF No. 53-5). The Guaranties provide that the Doaks are jointly and severally liable under

---

undersigned recommended be granted (ECF No. 49). The district judge adopted the recommendation (ECF No. 49) and entered a default judgment against Citizens (ECF No. 50). Counsel for Berkshire and the Bells previously informed the Court that they are in settlement discussions. A consent judgment has been entered between Berkshire and Red Skys. (ECF No. 67).

2

the Guaranties, primary and direct, and the Guaranties are not conditional on Berkshire pursuing remedies against Borrower or the collateral. (ECF No. 1, PageID.5, 57-59).

As to the Doaks, on or around January 29, 2016, Steven R. Osebold and Vera J. Osebald, husband and wife, as grantors, conveyed the real property located at 53221 Spurry Lane, New Baltimore, MI 48051 (the Spurry Property) to David M. Doak and Jacqueline S. Doak, husband and wife, as grantees. (ECF No. 1, PageID.5). Under a Mortgage dated October 19, 2021, the Doaks granted Berkshire a secured lien on the Property. (ECF No. 1, PageID.67-75). The Mortgage was then assigned and all interest and rights related to the mortgage were transferred to Wells Fargo via an Assignment of Mortgage, which was recorded on January 29, 2021, with the Register of Deeds of Macomb County, Michigan.[2] (*Id.*, PageID.6).

Berkshire demanded payment of the outstanding obligations under the Loan, in full, from Red Skys before filing the complaint, with the first demand being made on October 12, 2023. (*Id.*, PageID.77-78). Red Skys did not repay the outstanding obligations. (*Id.*, PageID.7).

---

[2] Citizens also has a mortgage on the Property, which was recorded on June 8, 2018, with the Register of Deeds of Macomb County, Michigan.

B.     Procedural History

Berkshire filed the complaint on February 23, 2024. (ECF No. 1). The Summons and Complaint were served on the Doaks by personal service on March 8, 2024, with an answers due on April 1, 2024. (ECF Nos. 6, 7). On July 9, 2024, Berkshire requested Clerk's entries of default against the Doaks (ECF Nos. 29, 30), which were granted on July 10, 2024 (ECF Nos. 32, 33). On July 29, 2024, Berkshire filed a motion for default judgment. (ECF No. 36). The Doaks did not respond to the motion. However, on August 16, 2024, the Doaks filed a suggestion of bankruptcy (ECF No. 46), and on August 21, 2024, the Court entered an Order finding that the pending bankruptcy administratively stayed the proceedings as to the Doaks (ECF No. 47).

On January 13, 2025, the undersigned entered a report and recommendation (R&R), recommending that Berkshire's motion for default judgment be denied without prejudice. (ECF No. 52). No objections were filed. The district judge adopted the R&R on January 28, 2025. (ECF No. 55).

On January 24, 2025, Berkshire filed a second motion for default judgment against the Doaks (ECF No. 53), in which it sought a default judgment in the amount owned. The Doaks did not respond to the motion and the time for doing so passed. Accordingly, on February 18, 2025, the undersigned entered an R&R recommending that the motion be granted. (ECF No. 57). The recommendation

4

was adopted on May 1, 2025 and judgment entered against the Doaks in the sum of $609,228.63 plus per diem interest at the rate of $148.22 from January 21, 2025, through judgment; post-judgment interest from the date of judgment through payment in full; $48,914.17 in attorneys' fees and costs through January 22, 2025; and fees and costs incurred thereafter through payment in full. (ECF No. 60).

On July 21, 2025, Berkshire filed the instant motion for default judgment against the Doaks seeking to foreclosure on the Spurry Property. (ECF No. 64). The motion was referred to the undersigned. (ECF No. 65). The Doaks have not responded to the motion and the time for doing so has passed.

### III. Discussion

#### A.

In moving for a default judgment of foreclosure against the Doaks, Berkshire explains that on November 22, 2024, it filed a Motion for Relief From the Automatic Stay with the Bankruptcy Court, which the Bankruptcy Court granted in an Order dated January 14, 2025. Indeed, attached to Berkshire's motion is an Order Granting Motion of Berkshire Bank for Relief from the Automatic Stay. (ECF No. 53-5). The Order states in relevant part:

> [T]he automatic stay is modified so as to the extent necessary to permit Berkshire to immediately exercise any and all rights and remedies against the real property located at 53221 Spurry Lane, New Baltimore, MI 48051, including without limitation, foreclosing on the Mortgage, sale of the Spurry Property and application of the proceeds thereof to the debt owed to Wells Fargo, the debt owed to Citizens, and the

5

  Outstanding Obligations.  Berkshire is permitted to name Debtors in any action solely in connection with the exercise of rights and remedies described above…

(ECF No. 53-5, PageID.362).

Now that Berkshire has obtained relief from the automatic stay in the Doaks' bankruptcy action, it requests a default judgment of foreclosure be entered in its favor and against the Doaks.

B.

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant.  Fed. R. Civ. P. 4(c)(1).  The defendant then has 21 days from the date of service to file its answer.  Fed. R. Civ. P. 12(a)(1)(A)(1).  Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Once this step is satisfied, a party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  Under Rule 55(b), a court may enter a default judgment if the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).  Before a default judgment can be granted, a plaintiff must satisfy the Court that a defaulting, unrepresented defendant (1) was properly served, (2) "failed to plead or otherwise defend," (3) is not a "minor or incompetent person," and (4) is not in

6

military service.  *See* Fed. R. Civ. P. 55; 50 U.S.C. § 3931(b)(1); *Broadcast Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878 (E.D. Tenn. Nov. 12, 2009).  Upon entry of default judgment, the factual allegations of the complaint are accepted as true.  *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007).

Federal Rule of Civil Procedure 55(b)(2) governs the entry of default judgment.  Unlike subsection (b)(1), subsection (b)(2) permits a default judgment, but does not require one.  *Compare* Fed. R. Civ. P. 55(b)(1) ("the clerk ... must enter judgment"), *with* Fed. R. Civ. P. 55(b)(2) ("the party must apply [to the court] for a default judgment").

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except those relating to damages."  *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)).  To prevail on a claim for breach of contract under Michigan law, " '[a] party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach.' " *Epazz, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 20-1552, 2021 WL 3808946, at *6 (6th Cir. Aug. 26, 2021) (quoting *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178, 848 N.W.2d 95, 104 (2014)).

7

C.

As alleged in the complaint, Berkshire is the holder of a mortgage lien against the Spurry Property. In addition, Berkshire is the holder of the Note and Mortgage, the conditions contained in the Mortgage has been broken, and Berkshire is entitled to foreclose upon its lien against the Spurry Property. By failing to respond to the complaint, the Doaks have forfeited their right to contest Berkshire's right to foreclose on the Spurry Property.

IV.   Conclusion

Accordingly, for the reasons stated above, it is RECOMMENDED that Berkshire's motion for default judgment against the Doaks be GRANTED. The court should enter a default judgment against the Doaks permitting Berkshire to foreclosure on the Spurry Property.[3]

Dated: August 19, 2025  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

---

[3] Berkshire submitted a proposed judgment as part of its motion. Berkshire should submit a separate proposed judgment to the assigned district judge.

Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

   Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2025.

                                                          s/Dru Jennings
                                                         DRU JENNINGS
                                                         Case Manager